

NORTH AMERICA  SOUTH AMERICA  EUROPE  ASIA

1901 L Street, NW
Washington, DC 20036
T +1 (202) 282-5000
F +1 (202) 282-5100

**ABBE DAVID LOWELL**
Partner
(202) 282-5000

April 15, 2024



**VIA ECF**
Honorable Jessica G. L. Clarke
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 20C
New York, NY 10007

**Re:**   *Robert Hunter Biden v. Rudolph W. Giuliani, et al.*, Case No.  1:24-cv-2021 (JGLC)

Dear Judge Clarke:

Pursuant to this Court's Notice of Reassignment and Order re Initial Pretrial Conference (ECF No. 31), the Parties in the above-captioned action submit this joint letter in anticipation of the initial pretrial conference scheduled for April 22, 2024 at 2:30 p.m.

1. **A statement indicating whether the parties believe they can do without an initial pretrial conference altogether. If so, the Court may enter a case management plan and scheduling order and the parties need not appear.**

The Parties, not including Rudolph Giuliani, believe that an initial pretrial conference would be premature at this time.

On December 21, 2023, Defendant Rudolph W. Giuliani ("Giuliani") commenced a Chapter 11 bankruptcy case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York.  Giuliani's Chapter 11 filing automatically stayed this present action as to Giuliani ("Bankruptcy Stay").

The  remaining Parties agree that it would be inefficient to proceed with this case as to the other Defendants, Giuliani Partners, LLC, Giuliani Group, LLC, Giuliani Security & Safety, LLC[1] and Robert J. Costello ("Costello").  Although Plaintiff intends to seek leave to amend the complaint at the earliest opportunity, the complaint cannot be amended as to defendant Giuliani while the Bankruptcy Stay is in place.  Similarly, the Bankruptcy Stay precludes Giuliani from participating in this case in any way, including motion practice regarding the pleadings and discovery.

Some of the Parties are currently participating in the bankruptcy proceedings.  Plaintiff's counsel have filed a notice of appearance in the case, and Plaintiff intends to file a Proof of Claim after negotiating a fixed claim amount with Giuliani in the bankruptcy case.  In addition, defendant Costello's Firm has filed

---

[1] Defendants Giuliani Partners, LLC, Giuliani Group, LLC, and Giuliani Security & Safety, LLC are collectively referred to as "the Giuliani Companies."



April 15, 2024
Page 2

a Proof of Claim and Costello, individually is seriously considering filing a Proof of Claim in the near future and also intends to assert claims in bankruptcy seeking contribution and/or indemnity from defendant Giuliani for any liability arising from the claims in this litigation.  The Parties are considering whether to request that this matter be referred to the Bankruptcy Court for further proceedings and expect to formulate a position on that issue within the next 30-60 days.  In light of the Giuliani bankruptcy, the Parties are also discussing the possibility of filing a FRCP Rule 41 dismissal (without prejudice) accompanied by a stipulation tolling the statute of limitations.

If the Court believes that an initial pretrial conference is necessary in this case, then the Parties respectfully request that the conference be scheduled for a date other than April 22, 2024.  Plaintiff's lead counsel is not available on April 22 because that is the first day of Passover.

2. **A brief statement of the nature of the action and the principal defenses thereto, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion.**

On September 26, 2023, Plaintiff commenced this action by filing a complaint in the District Court for the Central District of California.

The complaint alleges three causes of action against all Defendants: (1) Violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030); (2) Violation of the California Computer Data Access and Fraud Act (Cal. Penal Code § 502); and (3) Violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 et seq.).

In each of his claims, Plaintiff alleges that Defendants unlawfully accessed, tampered with, manipulated, copied, and damaged Plaintiff's personal data over an extended period of time, continuing to this day.  Plaintiff seeks any and all available relief including: (1) general damages for the losses resulting from the Defendants' unlawful activities; (2) punitive damages for the Defendants' willful and deliberate actions, including their unauthorized access of, tampering with, alteration, manipulation and copying of, and damage to the Movant's personal data; and (3) related injunctive relief.

On January 17, 2024, Defendants (without Giuliani) filed a motion to dismiss in the Central District of California, asserting that the complaint fails to allege its claims with specificity under Rule 9(b), and should be dismissed pursuant to the California anti-SLAPP statute. (ECF No. 23.)  Defendants also asserted personal jurisdictional arguments which have been resolved via the transfer to this Court.  Defendants assert that the only claim, the federal claim under 18 U.S.C. 1030, that the Plaintiff currently has in the Southern District of New York, is barred by the Statute of Limitations and that Plaintiff cannot bring California state claims in the Southern District of New York.  Although Plaintiff had not yet filed his opposition to the motion to dismiss when the motion was taken off calendar, Plaintiff contends that all of his claims are timely, that they have been adequately pled, and that they are not subject to California's anti-SLAPP statute; Plaintiff also contends that the California claims may be pursued in the Southern District of New York.

Before the motion to dismiss had been briefed, the Parties jointly stipulated to have it taken off calendar and, thereafter, jointly stipulated to transfer the case from the Central District of California to the Southern District of New York.  *See* ECF Nos. 26, 27, 28.  By Order dated March 14, 2024, the Court



granted the joint stipulation and directed the Clerk of the Central District of California to transfer the case to the Southern District of New York.  (ECF No. 29.)

3. **A brief explanation of why jurisdiction and venue lie in this Court.**

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1332 (diversity).  This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  Defendants assert that there is no supplemental jurisdiction over California state law claims.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because all Defendants reside and may be found in this district.

On March 13, 2024, the Parties filed a joint stipulation to transfer the case to the United States District Court for the Southern District of New York in which they agreed that personal jurisdiction exists over all defendants in the Southern District of New York and that the Southern District of New York is a proper venue for this action.  (ECF No. 28.)

4. **A statement of all existing deadlines, due dates, and/or cut-off dates.**

There are currently no deadlines set in this case.

5. **A brief description of any outstanding motions.**

Defendants (not including Giuliani) filed a motion to dismiss on January 17, 2024 in the Central District of California before the case was voluntarily transferred to the Southern District of New York.  Should the Court choose to proceed with this case despite the Bankruptcy Stay, Plaintiff plans to amend his complaint and Defendants plan to file an updated motion to dismiss to address the amended complaint.

6. **A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations.**

The parties have not engaged in any discovery.

Plaintiff believes Giuliani is a critical party to the litigation, and that absent his participation in this case, Plaintiff's ability to obtain discovery against co-defendants who are not affected by the automatic stay will be severely impaired given the interrelatedness of the claims against each of the Defendants.

7. **A brief description of the status of prior settlement discussions, without disclosing exact offers and demands.**

To date, there have been no settlement discussions.

8. **Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**



April 15, 2024
Page 4

The Parties would like to inform the Court that Plaintiff filed a related case on September 13, 2023, in the Central District of California against Defendants Garrett Ziegler and ICU, LLC (C.D. Cal. No. 2:23-cv-07593-HDV-KS).  While the facts and circumstances of the cases differ, Plaintiff's claims in the *Ziegler* action are based on substantially similar legal theories as the instant action.

Respectfully submitted,

| /s/ Abbe David Lowell | /s/ Joseph D. Sibley IV |
|---|---|
| Winston & Strawn LLP | Camara & Sibley LLP |
| 200 Park Avenue | 1108 Lavaca St. Suite 110263 |
| New York, NY 10166 | Austin, TX 78701 |
| Telephone: (212) 294-6700 | Telephone: (713) 966-6789 |
| Fax: (212) 294-4700 | Fax: (713) 583-1131 |
| AbbeLowellPublicOutreach@winston.com | sibley@camarasibley.com |
| Attorneys for Plaintiff | Attorneys for Defendants Giuliani Partners, LLC, Giuliani Group, LLC, Giuliani Security & Safety, LLC |

/s/ Robert L. Rattet

Davidoff Hutcher & Citron LLP
605 Third Avenue
New York, NY 10158
Telephone: (212) 557-7200
Fax: (212) 286-1884
rlr@dhclegal.com

Attorneys for Defendant Robert J. Costello

The initial pretrial conference previously scheduled for April 22, 2024 is hereby ADJOURNED *sine die*. The parties are ORDERED to submit a joint letter, by no later than **May 24, 2024**, indicating whether they would like to proceed before the Bankruptcy Court or whether the parties intend to file a stipulation of dismissal.

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge
Dated: April 16, 2024
    New York, New York